UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-426-H

MILDRED A. POPLAR and
DONALD POPLAR                                                                                         PLAINTIFFS

V.

KKI, LLC d/b/a SIX FLAGS KENTUCKY KINGDOM                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Six Flags Kentucky Kingdom, has moved for summary judgment on the grounds that Plaintiff, Mildred A. Poplar, commenced the procedures for issuing service of summons after the statute of limitations had passed.

Plaintiff began this action *pro se*. She filed the action on July 22, 2004, one day prior to the running of the statute. She did not obtain service of the summons, however, until September 17, 2004. Defendant says that Plaintiff failed to commence the action by issuance of a summons in good faith within the limitations period. Plaintiff says that she mailed the complaint and summons to the Court believing that the summons would be issued by the Court. Only after she obtained legal counsel was this mistake corrected and the process for servicing the summons actually commenced.

The Court is mindful that *pro se* litigants are not to be given advantages due to their proceeding without an attorney. Nevertheless, evidence of their own good faith should be given equal consideration as that of an attorney. In *Crowe v. Miller*, 467 S.W.2d 330 (Ky. 1971), the

Kentucky Supreme Court found good faith where an attorney mistakenly employed an incorrect method of obtaining service due to a recent rule change. In *Roehrig v. Merchants and Businessmen's Mutual Ins. Co.*, 391 S.W.2d 369 (Ky. 1965), the Supreme Court found good faith where an attorney served an agent rather than the Commissioner of Insurance as required. In each of these cases, the attorney should have known better. In each instance, they were given a second chance because their mistake was an understandable one somehow.

Here, Plaintiff thought she had commenced service by mailing the complaint and summons to the Court. In her mind, she had commenced service properly and timely. To be sure, she was mistaken just as the attorneys above were mistaken. However, her good faith in attempting to commence service seems no less than that of the attorneys in *Crowe* and *Roehrig*.

The Court finds that Plaintiff acted in good faith by mailing a complaint and a summons to the Court, thinking that it would take care of delivering the summons. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

cc: Counsel of Record