UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-426-H

MILDRED A. POPLAR and
DONALD POPLAR                                                                                    PLAINTIFFS

V.

KKI, LLC d/b/a SIX FLAGS KENTUCKY KINGDOM                                       DEFENDANT

**MEMORANDUM OPINION**

      Defendant, Six Flags Kentucky Kingdom ("Kentucky Kingdom"), has moved to dismiss due to the absence of subject matter jurisdiction. The question presented is whether the amount in controversy in this diversity action exceeded $75,000 at the inception of the action as required by 28 U.S.C. § 1332. Because the amount in controversy did not satisfy the statutory requirement, the Court finds that the action must be dismissed.

I.

      On July 22, 2004, Plaintiff and her husband filed this action in federal court to recover compensatory damages from Kentucky Kingdom for physical injuries Plaintiff allegedly sustained after falling to the ground during a visit to the Six Flags theme park in Louisville, Kentucky. Plaintiff is a resident of Illinois and the only basis for federal court jurisdiction is diversity of citizenship. When she originally filed her complaint, she demanded judgment for compensatory damages in excess of $100,000. Six months later, on January 8, 2005, Plaintiff filed her initial disclosures pursuant to Fed. R. Civ. P. 26.02. In those pleadings, she stated that

she was entitled to $25,000 for pain and suffering, $1,157.34 for past medical expenses and $3,000 for future medical expenses. Kentucky Kingdom then served its first interrogatory on and asked Plaintiff to "itemize with specificity the total amount of damages claimed by [Plaintiff] in this action." Plaintiff responded that she was entitled to a total of $29,157.34. A few months later, she reaffirmed the accuracy of her responses in a sworn deposition. When the action was originally filed, her husband demanded damages based on a loss of consortium claim but he voluntarily dismissed that claim a short time later.

Discovery is now complete and Kentucky Kingdom has moved for summary judgment alleging, *inter alia,* that the Court lacks subject matter jurisdiction.

II.

Plaintiff argues as a preliminary matter that the Court may not consider the issue of subject matter jurisdiction because Kentucky Kingdom's motion was improperly styled as one for summary judgment, not as a motion to dismiss under rule 12(b)(1). It is true that a Rule 56 motion for summary judgment is an inappropriate method for challenging the district court's subject matter jurisdiction. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188 (7th Cir. 1993). However, the existence of subject matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court. *Community Health Plan of Ohio v. Mosser,* 347 F.3d 619, 622 (6th Cir. 2003). Moreover, in considering whether a court has jurisdiction over the subject matter of an action, a court may consider evidence outside the pleadings, including responses to interrogatories and depositions. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). Accordingly, the Court will treat Kentucky Kingdom's motion as a "suggestion" of lack of subject matter jurisdiction and will address the matter on its own motion. See Fed. R. Civ. P.

12(h)(3).

In diversity cases, a federal district court has "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). The amount in controversy alleged in the complaint suffices to meet the requirements of the statute, "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

In her initial disclosure and in her response to the first set of interrogatories, Plaintiff admitted that she was only entitled to recover $29,157.34. Kentucky Kingdom argues that she cannot in good faith claim the jurisdictional amount. In general, the amount in controversy is determined as of the time of the filing of the complaint. *Klepper*, 916 F.2d at 340. A good-faith claim in the complaint that the amount in controversy is sufficient will not require dismissal if subsequent events reduce that amount below the statutory requirement. *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993). For example, where an action contains two claims, which together satisfy the jurisdictional amount requirement, and one count is dismissed following discovery, the fact that the only remaining claim is for less than the jurisdictional amount does not require dismissal. *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994 (6th Cir. 1976).

The Sixth Circuit, however, has distinguished between "subsequent events that change the amount in controversy, and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Jones*, 2 F.3d at 183. In *Jones*, as in the present case, the plaintiff asserted an entitlement to damages which satisfied the

3

jurisdictional amount requirement in its complaint. But in its appellate brief, the plaintiff admitted that the amount in controversy failed to exceed the statutory minimum. *Id*. The court held that "since no subsequent event occurred to reduce the amount in controversy, this can only mean that the plaintiffs' claims never satisfied the jurisdictional requirement." *Id*. at 183. Accordingly, the court found that subject matter jurisdiction had not properly been asserted. *Id*.

Likewise, in the present case, no subsequent event occurred to reduce the amount in controversy with respect to Plaintiff's claims. None of her claims was dismissed; no amended complaint was filed; no legal defense was applied; and no final verdict has been reached. Instead, the jurisdictional defect arose because she admitted in her initial disclosure statement and in her response to interrogatories that she was only entitled to $29,157.34. This admission can only mean that Plaintiff was never entitled to $75,000 in damages.

Plaintiff claims that her husband's voluntary dismissal of his loss of consortium claim was a subsequent event that reduced the amount in controversy below $75,000. However, generally, where multiple complainants are joined in a single action, each plaintiff must independently satisfy the jurisdictional amount requirement. *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). Multiple plaintiffs can aggregate their claims to satisfy the jurisdictional amount only if the claims are based on a common undivided interest. *Id*. A common and undivided interest exists where the success of one plaintiff's claim affects the success of the others'. *Id*. In Kentucky, loss of consortium is an independent cause of action authorized by statute. Ky. Rev. Stat. Ann. § 411.145(2). The fact that an injured spouse prevails on his or her claim does not of itself necessarily require an award of damages to the other spouse who alleges loss of consortium. *Floyd v. Gray*, 657 S.W.2d 936 (Ky. 1983). Accordingly, Plaintiff's

4

personal injury claim and her husband's loss of consortium claim were not based on a common and undivided interest. Therefore, even if Plaintiff's husband had continued to pursue his loss of consortium claim, that would not have affected the Court's analysis of Plaintiff's amount in controversy.[1]

Finally, Plaintiff argues that the Court has subject matter jurisdiction in spite of her pre-trial admissions because at the time she filed the complaint, she believed in good-faith that she was entitled to at least $100,000.  However, "good faith has an objective element," *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994), and the Court cannot ignore what pre-trial discovery revealed–that from the outset, Plaintiff could not recover the statutory jurisdictional amount.  "A plaintiff's subjective belief, alone, cannot be the controlling factor where, pre-trial, there is '[a] showing that, as a legal certainty, [the] plaintiff cannot recover the jurisdictional amount.'" *Id*. at 785 (quoting *American Mut. Liab. Ins. Co. v. Campbell Lumber Mfg. Corp.*, 329 F. Supp. 1283, 1285 (N.D. Ga. 1971).[2]  Accordingly, this Court finds an absence of subject matter jurisdiction in this case.

A dismissal for lack of subject matter jurisdiction is not the death knell for Plaintiff's

---

[1] This ruling is consistent with the approach taken by other jurisdictions. *Compare Rodery v. Hardee's Food Sys., Inc.*, 995 F. Supp. 999 (D.C. Mo.1998) (spouse's consortium claim and accident victim's injury claim were not "common and undivided," as required before they could be aggregated to satisfy amount in controversy requirement; under Missouri law consortium claim was considered separate, distinct, and personal legal claim, derivative of victim's claim only in sense that there must be injury to spouse before claim could arise) *with Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) (when, under Arkansas law, a wife's claim for loss of consortium was contingent upon the success of her husband's claim for personal injury, and the husband's claim exceeded the federal jurisdictional amount, the claims were so interrelated and interdependent that federal jurisdiction over the primary claim appropriately promoted and supported federal jurisdiction over the claim for loss of consortium).

[2] The analysis of the good faith requirement is not affected by the fact that Plaintiff was *pro se* when the complaint was filed.  While the Court holds pro se pleadings to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. *See Hughes v.. Rowe*, 449 U.S. 5, 9 (1980).

5

cause of action. Kentucky law allows a plaintiff to commence a new action in state court within 90 days after the original action was dismissed for lack of jurisdiction by a federal court, regardless of any applicable statute of limitations. Ky. Rev. Stat. Ann. § 413.270; *Blair v. Peabody Coal Co.*, 909 S.W.2d 337, 339 (Ky. Ct. App. 1995) (KRS § 413.270 applies to actions originally filed in any court physically located in Kentucky, whether state or federal). Because Plaintiff's action was commenced in due time, she may commence a new action in Kentucky state court provided that she does so within 90 days of the issuance of this order.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record